UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

**OSAMA METWALLY**           Case No. 19 cv8206 GBD SDA
       **Plaintiff,**

-against-

                                 **FIRST AMENDED**
                                 **COMPLAINT**
                               **JURY TRIAL DEMANDED**

**CITY OF NEW YORK**
       **Defendants.**

-----------------------------------------------------------------

Plaintiff, complaining of the defendants herein, by and through his attorney, JOEL M. GLUCK, Esq., respectfully alleges and shows this Court as follows: does hereby state and allege:

### I.     PRELIMINARY STATEMENT

1.     This is a civil rights action brought to vindicate Plaintiff's rights under the Fourth, and Fourteenth Amendments of the United States Constitution through the Civil Rights Act of 1871, as amended, 42 U.S.C. 1983.

2.     Plaintiff's rights were violated when the CITY OF NEW YORK through its Police Department and individual Police Officers unconstitutionally and without legal basis arrested him, charged him with offenses based on false and untrue descriptions of his conduct, accusing him of striking a police officer while operating

2

his private vehicle thereby depriving him of constitutionally protected rights and subjecting him to shame and humiliation, resulting in severe emotional distress and injury, loss of liberty, loss of income.

3. Plaintiff seeks an award of compensatory and punitive damages and Attorneys' Fees.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over claims arising from Federal Law pursuant to 28 U.S.C. § 1331, § 1343(a) 3-4. This matter is brought pursuant to 42 U.S.C. § 1983 and 1988 for violations of the Fourth, and Fourteenth Amendments.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) in that the Plaintiff's claim arose in the Southern District of New York, more particularly in the County of New York.

6. An award of Attorneys' Fees is authorized under 42 U.S.C. § 1988.

## III. PARTIES

7. That at all times mentioned herein, and most particularly September 4, 2016, the plaintiff, was a resident of the State of New York and resided at the time of the occurrence described herein at 23-22 Steinway Street Astoria New York, County of Queens

8. At the time of the commencement of this action, Plaintiff resides at the same address.

9. That at all times hereinafter mentioned, the defendant CITY OF NEW YORK is a municipality chartered under the laws of the State of New York and is a state actor pursuant to the pursuant to 42 U.S.C. 1983. The Defendant is authorized to and does operate a municipal police department

10. That at all times hereinafter mentioned, the Defendant CITY OF NEW YORK operated a police department for the enforcement of the Penal Law of the State of New York.

11. That at all times hereinafter mentioned, the Defendant CITY OF NEW YORK hired, trained and supervised Police Officers at its various locations.

12. That at all times hereinafter mentioned the Defendant was responsible for the acts of its Police Officers acting within the scope of their duties.

13. That Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers; that CITY OF NEW YORK operated and maintained a Police Force with law enforcement powers recognized by the State of New York at the time of the incident described herein.

14. At all times relevant herein, the defendants were acting under color of state law in the course and scope of their duties and functions as agents and/or employees and officers of the CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and were in the course of their duties during the conduct complained of herein.

## IV. STATEMENT OF FACTS

15. That on September 4, 2016, on or about 3:30 PM, Plaintiff was lawfully operating a limousine licensed by the City of New York Taxi and Limousine Commission and was lawfully performing his duties, in picking up a passenger at Randall's Island. As Plaintiff was operating his vehicle at 600 East 125th Street, he observed that a New York City Police Officer operating a motor scooter had driven off the road and was possibly injured. Plaintiff stopped his vehicle to assist the officer,

16. After the Plaintiff pulled his vehicle over the Police Officer told him to move his vehicle, take out his license and registration. When he did so, the Officer called for additional Police Officers and stated to them that the Plaintiff had driven his car into the Police Officer's scooter causing it to fall and injure the Defendant. Plaintiff denied that he had struck the officer, and repeated that he had stopped to render assistance. The Plaintiff was charged with the following offenses:

5

   i. Reckless Endangerment in the Second Degree

   ii. Obstructing Governmental Administration in the Second Degree

   iii. Aggravated Unlicensed Operation of a motor vehicle in the third degree

   iv. Reckless Driving

   v. Unlicensed driving.

Under an accusatory instrument Docketed as 2016 NY 053368.

17. Plaintiff was arrested, taken into custody, his car impounded. He was required to post bond for himself and his vehicle, was searched, interrogated by the CITY OF NEW YORK.

18. Plaintiff was required to make approximately 12 court appearances. On August 3, 2017, the case was dismissed and sealed ( Annexed Exhibit).

19. That the Plaintiff denied committing any conduct that was illegal or improper and did not refuse to obey the Defendant's order or strike the defendant's motor scooter.

20. That the Defendant restrained the Plaintiff, arrested searched and handcuffed him, interrogated him and searched the Plaintiff's belongings, causing him shame, embarrassment and humiliation.

6

21. That the Plaintiff's liberty was restrained and he was held by the New York City Police all to his shame and humiliation.

22. That the Plaintiff herein, as a result of his illegal, unwarranted restraint, detention and arrest, lost his liberty, suffered economic loss including the loss of several days pay, suffered loss of personal property including use of his vehicle.

23. That the Plaintiff herein, as a result of the illegal, unwarranted restrain, detention and arrest, suffered mental pain. emotional distress, anguish, humiliation, shame, disgrace.

24. That the Municipal Defendant was acting under color of state law.

## V. CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION:
### CIVIL RIGHTS ACTION 42 USC 1983

25. The Plaintiff repeats, reiterates and re alleges each and every allegation in the preceding paragraphs as though fully set forth herein.

26. Defendant under color of state law, subjected the Plaintiff to the foregoing acts and omissions thereby depriving the plaintiff of the rights privileges and immunities secured by the Fourth, and Fourteenth Amendments to the United States Constitution including without limitation deprivation of the following rights: (a) freedom from

7

unreasonable search of their person; (b) freedom from unreasonable seizure of their person; (c) freedom from having Police fabricate evidence and present false reports.

27. That the arrest and continued detention of the Plaintiffs was effectuated by the Defendants without probable cause or any semblance of a lawful basis. Defendant at the time of this arrest and detention, knew or should have known that the allegations or any future allegations as to the Plaintiffs would be false,

28. That throughout the aforesaid period, Plaintiff was handcuffed.

29. That the Plaintiff OSAMA METWALLY was detained at a time that said defendants, their agents, servants and employees who arrested and imprisoned the Plaintiffs had actual knowledge of the fact that Plaintiff had not committed any crimes and knew that there was no lawful basis for their initial or continued detention.

30. That the arrest and imprisonment of the Plaintiffs by the Defendant was a false arrest false imprisonment, an unjust imprisonment done without any warrant or pretense of legal process, maliciously and without reasonable basis or probable cause.

31. Solely by reason of the foregoing and without contribution or provocation on the part of the Plaintiff the actions of the Defendant deprived the Plaintiff of his liberty, subjected them to ridicule and derision by those aware of their arrest, caused him to be deprived of the companionship of his family and was otherwise harmed.

32. By reasons of the Defendant's violation of the Plaintiff's rights under the

8

U.S. Constitution and the New York State Constitution protected from deprivation under 42 U.S. C. § 1983, Plaintiff was caused to suffer emotional injuries mental anguish, loss of constitutional rights and economic injury as described herein.

### AS AND FOR A SECOND CAUSE OF ACTION
### (MONELL CLAIM)

33. The Plaintiff repeats, reiterates and re alleges each and every allegation in the preceding paragraphs as though fully set forth herein.

34. All of the acts and omissions by the City's police officers were carried out pursuant to overlapping policies and practices of the City of New York and the New York City Police Department that were in existence at the time of the conduct alleged herein and were engaged in with full knowledge, consent and cooperation and under supervisory authority of the Defendant CITY OF NEW YORK and New York City Police Department.

35.. Defendant CITY OF NEW YORK, by their policy making agents, servants and employees authorized sanctioned and/or ratified the individual defendants' wrongful acts and/or failed to prevent or stop those acts and/or encouraged those acts to continue, including but not limited writing misleading, and inaccurate reports.

36. The actions of the individual police officers resulted from and were taken pursuant to the following de facto policies and or well settled customs and practices of

9

the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT:

(a) Members of the named Precincts engaged in unlawful and unconstitutional violations, including but not limited to warrantless and unauthorized arrests, without probable cause, systemic submissions of false reports and observations, all done with the actual or defacto knowledge and approval of their supervisors and commanders.

(b) tacitly accept and encourage a code of silence wherein Police officers refuse and fail to reports other officers' misconduct or to tell false and incomplete stores designed to cover for other officers' misconduct.

(c) fail to discipline officers for testifying falsely, submitting false reports, wrongfully arresting civilians for the exercise of constitutional rights.

37.. The Defendant CITY OF NEW YORK, established a custom, policy or practice of encouraging, approving or tolerating the New York City Police Department's acts of misconduct, in particular, false and unauthorized search and seizure, unlawful arrest, restraint and detention.

38. The Defendants were deliberately indifferent to the use of improper procedures in the arrest and detention of civilians and established a custom, policy and practice of encouraging, approving and/or tolerating the use of improper procedures by the New York City Police Department.

10

39. The defendants' actions were undertaken under color of state law and would not have existed but for said defendants' use of their official power.

40.. At all times relevant to the complaint herein, the defendant municipality, CITY OF NEW YORK, had de facto policies, practices, customs and usages, including but not limited to the improper and inadequate supervision of the police officers of the Manhattan North Patrol B 75th Precinct operating in plainclothes in the County of Kings which were a direct and proximate cause of the unconstitutional conduct alleged herein.

41. At all times relevant to the complaint herein, defendant CITY OF NEW YORK, failed to properly train, screen, supervise or discipline its employees and police officers, including individual defendants named herein and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

42 The policies, practices, customs and usages and the failure to properly train, screen, supervise or discipline were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of the Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

43. As a result of the foregoing, the Plaintiffs suffered emotional distress and were otherwise damaged and injured.

44..   That as a result of the foregoing the Plaintiff has been injured in an amount to be determined by this Court.

### AS AND FOR A THIRD CAUSE OF ACTION
### (FALSE ARREST AND IMPRISONMENT)

45..   The Plaintiff repeats reiterates and re alleges each and every allegation in the preceding paragraphs as though fully set forth herein.

46.   That on September 4, 2016, the Plaintiff was detained, arrested, imprisoned, restrained and lost his liberty due to the intentional and malicious acts of the police officers acting on behalf of the City of New York acting within the scope of their duties

47.   That Plaintiff was conscious of and did not consent to his arrest, restraint, imprisonment and loss of liberty.

48.   That the actions of the defendants to arrest, restrain and imprison the Plaintiffs were not privileged, warranted, justified or supported by probable cause and were done with malice and with reckless disregard to the rights of the Plaintiffs.

49.   That the Defendants intended to arrest, restrain and imprison the Plaintiffs.

50.   That solely by reason of the foregoing and without contribution or provocation on the part of the Plaintiff, the actions of the Defendants in falsely arresting and imprisoning the Plaintiff caused him mental injury, loss of reputation, subjected him to scorn and ridicule.

51. That the acts of the defendant was wanton, malicious and intended to cause the plaintiff injury and renders the Defendant subject to punitive damages in an amount to be determined by the Court.

52. That the Plaintiff has been damaged in an amount to be determined by the Court.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

53. The Plaintiff repeats, reiterates and re alleges each and every allegation in the preceding paragraphs as though fully set forth herein.

54. That on September 4, 2016, the Defendants caused, and directed the arrest of the Plaintiff commencing criminal proceedings against him for alleged felonies as noted above.

55 That all criminal proceedings were dismissed in favor of the Plaintiff.

56.. That the Defendant acted to maliciously prosecute the Plaintiff causing his arrest and loss of liberty.

57. That in arresting the Plaintiff and charging him with criminal conduct the Defendant had no probable cause or reasonable basis or grounds for the prosecution of the Plaintiff and the lack of probable cause was known to the Defendants at the time criminal proceedings were instituted.

58. That the Defendant acted with Malice and malicious intent to cause the

13

arrest and prosecution of the Plaintiff.

59. That the Plaintiff sustained emotional injury mental anguish, humiliation and ridicule as a result of his prosecution by the Defendants and was injured in an amount to be determined by the Court.

60.. That the arrest of the Plaintiff by the defendants was wanton, malicious and intended to cause the plaintiff injury and renders the Defendants subject to punitive damages in an amount to be determined by the Court.

### AS AND FOR A FIFTH CAUSE OF ACTION
### UNDER 42 U.S.C. § 1983 - ASSAULT AND BATTERY

61. Plaintiff repeats and re alleges each and every allegation in the preceding paragraphs as though fully set forth herein.

62.. While acting under color of state law, the City of New York through its officers committed an intentional assault and battery against Plaintiff without legal cause or justification and in violation of his rights under the Fourth, and Fourteenth Amendments of the United States Constitution, by restraining and handcuffing him for several hours while in custody of the New York City Police Department.

63. By reason thereof, the above named defendants violated 42 U.S.C. § 1983 and caused the Plaintiff to suffer physical injuries, emotional injury, mental anguish and loss of his constitutional rights.


64. That the Plaintiff has been injured in an amount to be determined by the Court and said Damages are in excess of One Million Dollars ( $1,000,000.00)

65. That the Plaintiff demand trial by Jury of all claims stated herein.

66. Plaintiff demands attorney fees and costs as provided by law

WHEREFORE, plaintiff OSAMA METWALLY demands judgment against the defendant CITY OF NEW YORK on the First, Second, Third, Fourth, and Fifth causes of action in an amount to be determined by this Court together with the costs and disbursements of this action and where applicable by Law attorneys fees.

Dated: New York, New York
November 16, 2021

*[signature]*

Law Office of JOEL M. GLUCK
Attorney for Plaintiff
OSAMA METWALLY
20 Vesey Street Suite 1206
New York, N.Y. 10007
(347) 281 2643
Email jmgluck200@aol.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

**OSAMA METWALLY**             Case No.19 cv 8206 GBD  SDA
      **Plaintiff,**

-against-

**CITY OF NEW YORK**

      **Defendants.**

## FIRST  AMENDED    COMPLAINT

☐**LAW OFFICES OF JOEL M. GLUCK**
Attorneys for Plaintiff
20 Vesey Street Suite 1206
New York NY 10007
Telephone: 347 281 2643
Email:  jmgluck200@aol.com

Dated:  November 16, 2021