UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
OSAMA METWALLY,

                Plaintiff,

        -against-

CITY OF NEW YORK,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

19 Civ. 8206 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Osama Metwally ("Plaintiff" or "Metwally") brought this action under the Constitution, enforceable under 42 U.S.C. § 1983, against the City of New York ("Defendant" or "City"). (ECF No. 40, at 1.) Defendant moved to dismiss this action pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure ("FRCP"). (ECF No. 56.)

Before this Court is Magistrate Judge Stewart D. Aaron's December 16, 2022 Report and Recommendation ("Report"), recommending that this Court grant Defendant's motion for summary judgment. (Report at 1.)[1] Having reviewed the Report and Plaintiff's objections, this Court overrules Plaintiff's objections and ADOPTS the Report in full. Defendant's motion for summary judgment is GRANTED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it.[2]

---

[1] Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 10.) Plaintiff filed timely objections to the Report. (Pl. Objs. to R&R ("Pl.'s Objs."), ECF No. 73.)

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

On May 17, 2016, Plaintiff filed a lawsuit in Queens County Supreme Court ("*Metwally I*"), against the City and others alleging that his civil rights were violated in an incident that occurred on June 12, 2014. (*See* Def.'s Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("Def.'s 56.1"), ECF No. 58, ¶ 1; Pl.'s Local Civil Rule 56.1 Response ("Pl.'s 56.1 Resp."), ECF No. 65, ¶ 1.)

On September 3, 2019, Plaintiff filed this action against the City and six police officers, alleging that his civil rights were violated in a separate incident that occurred on September 4, 2016. (Compl., ECF No. 1, ¶¶ 40–51.) Plaintiff asserted a *Monell* claim against the City pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). (*Id.*)

On January 9, 2020, the parties settled *Metwally I* for $18,000.00. (Def.'s 56.1 ¶ 3; Pl.'s 56.1 Resp. ¶ 3.) Metwally subsequently executed settlement documents, including a General Release, which released all claims he may have against the "City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York[,]" except for any claims listed by Metwally in the General Release. (Report at 2.) Metwally's former attorney, Rehan Nazrali, ("Attorney Nazrali") did not list any actions or claims to be excluded from the General Release. (Def.'s 56.1 ¶ 4; Pl.'s 56.1 Resp. ¶ 4.) Following receipt of the signed settlement documents, the City remitted $18,000.00 to Metwally. (Def.'s 56.1 ¶ 5; Pl.'s 56.1 Resp. ¶ 5.) There is no evidence that Plaintiff ever returned, or offered to return, the $18,000.00 check.

On November 17, 2021, Metwally filed an Amended Complaint in this action, which included a *Monell* claim against the City. The City then requested that Metwally voluntarily dismiss this action due to the General Release executed as part of the *Metwally I* settlement. (Def.'s 56.1 ¶¶ 4–6; Pl.'s 56.1 Resp. ¶ 6.) Metwally refused, arguing that Attorney Nezrali

2

inadvertently excluded this action when he submitted the wrong page of the General Release form which did not contain his intended list of excluded cases. (Def.'s 56.1 ¶ 7; Pl.'s 56.1 Resp. ¶ 7.)

On June 28, 2022, this Court dismissed all claims in this action except Plaintiff's *Monell* claim, due to Plaintiff's failure to timely serve the individual defendant police officers under FRCP 4(m). (ECF No. 52.) Defendant then moved to dismiss this action, arguing that Metwally had released his claim against the City, and that he had not stated a *Monell* claim. (ECF No. 56.)

## II.   LEGAL STANDARDS

### A.   Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B.   Rule 56 Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "Material facts are those which might affect the outcome of the suit under the governing law, and a dispute is

3

genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 148 (2d Cir. 2007) (internal quotation marks and citation omitted). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Pennington v. D'Ippolito*, 855 F. App'x 779, 781 (2d Cir. 2021) (citation omitted); *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).

If the movant meets its burden to demonstrate the absence of a genuine issue of material fact, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).

"Only disputes over facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether there are genuine issues of material fact, a court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

### III.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED

The City argues that the clear and unambiguous language of the General Release bars Plaintiff's claims. (Def.'s Mem. at 9–12.) Plaintiff contends that the contract was ambiguous and

that Metwally's attorney in *Metwally I* had no authority to negotiate or settle Plaintiff's other claims against the City. (Pl.'s Objs. at 10–11.)

Both settlement agreements and general releases are contracts and must therefore be construed according to general principles of contract law. *See Tromp v. City of New York*, 465 F. App'x. 50, 51 (2d Cir. 2012); *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007); *Albany Savings Bank, FSB v. Halpin*, 117 F.3d 669, 672 (2d Cir. 1997); *Cuadrado v. Zito*, No. 13 Civ. 3321 (VB), 2014 WL 1508609, at *2 (S.D.N.Y. Mar. 21, 2014). Under New York law, "[w]here the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed."[3] *Tromp*, 465 F. App'x at 51 (internal quotation marks and citations omitted). "Summary judgment is appropriate if the terms of the contract are unambiguous." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).

The General Release that Metwally signed bars him from bringing this action. Plaintiff personally signed the General Release agreeing to release all claims Plaintiff had against the City except for those claims listed in the General Release. No claims were listed. (ECF No. 57, Ex. 4.) The language of the General Release is unambiguous.[4] *See Tromp*, 465 F. App'x at 52 (similarly worded release was "plain and unambiguous"); *Zito*, 2014 WL 1508609, at *2–3 (same). As such, the executed General Release clearly released the City from all of Metwally's claims that accrued before January 9, 2020.[5] (Report at 7; ECF No. 57 at 1–2.)

---

[3] As Magistrate Judge Aaron correctly noted, because the parties cite only to New York law regarding their interpretation of the General Release, this Court applies New York law.

[4] Because the General Release is clear and unambiguous, this Court cannot consider extrinsic evidence of the parties' intent and must enforce the release according to its terms. *Mateo v. Carinha*, 799 F. App'x 51, 54 (2d Cir. 2020) (citing *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000)) ("[M]atters extrinsic to the agreement may not be considered when the intent of the parties can fairly be gleaned from the face of the instrument."). Attorney Nazrali's Affirmation thus cannot modify the language of the Agreement.

[5] Plaintiff's argument that the Release should be reformed due to Nezrali's lack of authority to release cases for which he was not Metwally's attorney is also without merit. (*See* Pl.'s Objs. at 18–21.) As Plaintiff

5

Metwally next argues that, even if the General Release is unambiguous, it should be reformed due to a mutual mistake, also known as scrivener's error. (Pl.'s Objs. at 4, 12–14; Pl.'s Opp. Mem. at 14, 24–25.) "Also referred to as 'scrivener's error,' mutual mistake occurs where the parties have reached a real and existing agreement on particular terms and subsequently find themselves bound to a writing which does not accurately express their agreement." *ARS Kabirwala, LP v. El Paso Kabirwala Cayman Co.*, No. 16 Civ. 6430 (GHW), 2018 WL 2247203, at *7 (S.D.N.Y. May 15, 2018) (quotation and quotation marks omitted).

The doctrine of scrivener's error is inapplicable because no mutual mistake occurred. Plaintiff does not assert that the parties ever agreed to exclude any other lawsuit from the settlement agreement. As the Report aptly notes, any mistake was made unilaterally by Plaintiff and his Attorney Nazrali. *See ACA Galleries, Inc. v. Kinney*, 928 F. Supp. 2d 699, 701 (S.D.N.Y. 2013), *aff'd*, 552 F. App'x 24 (2d Cir. 2014) ("[T]he doctrine of mutual mistake may not be invoked by a party to avoid the consequences of its own negligence.") (citation and quotation marks omitted).

Plaintiff's additional argument that the release may be reformed due to unilateral mistake is also unavailing. "New York law does not permit reformation or rescission of a contract for unilateral mistake alone." *De Sole v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 387, 428–29 (S.D.N.Y. 2015) (citing *Collins v. Harrison–Bode*, 303 F.3d 429, 435 (2d Cir. 2002)). Instead, absent a mistake as to a basic assumption of the contract, a unilateral mistake must be "coupled with some fraud." *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). Because

---

himself notes, parties may be bound by settlement agreements even where the attorney lacked actual authority, if the attorney had apparent authority to act on their client's behalf. *Fennell v. TLB Kent Co.*, 865 F.2d 498, 502 (2d Cir. 1989); (Pl.'s Objs. at 19.) Plaintiff has presented no evidence that Nezrali lacked apparent authority to execute the General Release on Metwally's behalf. *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 986 F.2d 15, 20 (2d Cir. 1993).

Plaintiff has not alleged that the City engaged in any fraud, the General Release cannot be reformed based on unilateral mistake.

Finally, Plaintiff's argument that the City waived its defense of release because it did not raise it in its Answer to Plaintiff's Original Complaint is without merit. As Plaintiff notes, this Court has "discretion to entertain unpleaded affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith dilatory motive on the part of the defendant, futility or undue delay." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 176 (2d Cir. 2014)); (Pl.'s Opp. Mem. at 25–26.) Plaintiff has not alleged any cognizable prejudice to Plaintiff, nor any bad faith dilatory motive or undue delay by the City.

Based on the clear and unambiguous language of the General Release, summary judgment is granted.[6] *See, e.g., Stephens v. Barnes*, No. 16 Civ. 7133 (LGS), 2018 WL 618454, at *3 (S.D.N.Y. Jan. 25, 2018) (citing *Dinkins v. Decoteau*, No. 15 Civ. 8914 (GHW), 2016 WL 3637169, at *3 (S.D.N.Y. June 29, 2016)) (granting summary judgment where the plaintiff signed an unambiguous general release, and the claims fell within the scope of that release).

## IV.  CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED in full. Defendant' motion for summary judgment is GRANTED. The Clerk of Court is directed to close ECF No. 56 and this case.

Dated: April 6, 2023
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[6] In light of the finding that Plaintiff released his claim against the City, this Court has no occasion to consider the merits of his *Monell* claim or the City's corresponding 12(c) motion.

7